IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SUMMER MURPHY,[1] | § | |
| | § | No. 242, 2023 |
| Respondent Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. 22-01-05TN |
| DEPARTMENT OF SERVICES FOR | § | Petition No. 22-00567 |
| CHILDREN, YOUTH AND THEIR | § | |
| FAMILIES, | § | |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: April 12, 2024
Decided: April 15, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

After consideration of the notice to show cause, it appears to the Court that:

(1) On July 7, 2023, the appellant, Summer Murphy, filed this appeal from a Family Court decision, dated June 8, 2023, terminating her parental rights to two of her children. On October 6, 2023, Murphy filed a motion under Supreme Court Rule 26.1(d)(iii) to discharge her appointed counsel and to represent herself in this appeal. The Court remanded this matter for the Family Court to conduct a hearing

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

and to make findings of fact and conclusions of law regarding Murphy's waiver of counsel and her request to proceed pro se on appeal.

(2)     After holding a hearing and determining that Murphy's waiver of appointed counsel on appeal was knowing, intelligent, and voluntary, the Family Court returned this matter from remand on November 14, 2023.  The Court granted Murphy's motion to proceed *pro se* and permitted her counsel to withdraw.  The Clerk's Office issued a briefing schedule directing Murphy to file her opening brief on December 20, 2023.

(3)     On December 20, 2023, Murphy requested an extension until January 5, 2024 to file her opening brief.  The appellee did not oppose the extension request. The Court granted the extension request.

(4)     On January 3, 2024, Murphy requested an extension until January 17, 2024 to file her opening brief.  The appellee did not oppose the extension request. The Court granted the extension request.

(5)     On January 16, 2024, Murphy requested an extension until February 12, 2024 to file her opening brief.  The appellee did not oppose the extension request. The Court granted the extension request.

(6)     On February 14, 2024, Murphy requested an extension until March 12, 2024 to file her opening brief.  The appellee opposed the extension request.  The Court granted Murphy an extension until March 1, 2024 to file her opening brief.

(7)     Murphy did not file her opening brief on March 1, 2024. On March 5, 2024, the Chief Deputy Clerk issued a notice of brief delinquency to Murphy. The notice warned that if Murphy did not file her brief within seven days the matter could be resolved against her.

(8)     On March 13, 2024, the Chief Deputy Clerk issued a notice directing Murphy to show cause why this appeal should not be dismissed for her failure to file an opening brief. The notice to show cause was delivered to Murphy, as evidenced by the certified return receipt filed with the Court, by March 21, 2024. A timely response to the notice to show cause was due on or before April 1, 2024.

(9)     On April 9, 2024, Murphy requested an extension until April 10, 2024 to file her opening brief. She stated that she initially had planned to file her brief on April 9th, but needed one more day. The Court granted Murphy an extension until April 11, 2024, but also ruled that no further extensions would be granted. Murphy still has not filed her opening brief.

(10)    Even if Murphy's latest request for an extension is deemed a response to the notice to show cause, Murphy has not established good cause for her failure to file an opening brief. As the appellant, and following her counsel's withdrawal,

it is Murphy's duty to diligently prosecute the appeal. She has not done so, and this appeal must therefore be dismissed.[2]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] *See, e.g., Carnevale v. State*, 2023 WL 4760797, at *3 (Del. July 25, 2023) (dismissing appeal where the appellant had not established good cause for her failure to file an opening brief ); *Proctor v. Ranger Ins. Co.*, 2002 WL 31883047, at *1 (Del. Dec. 27, 2002) (same).